### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

SEAN PATRICK O'MALLEY,
#49017-018

      Plaintiff,

v.                                     CASE NO.  8:13-cv-2402-T-26TBM
                                 (**Underlying criminal case** 8:06-cr-417-T-26TBM)

UNITED STATES OF AMERICA,

      Defendant.

_____/

### O R D E R

**BEFORE THE COURT** is Plaintiff's Motion to Vacate Sentence filed pursuant to 28 U.S.C. § 2255 (Dkt. 12), and the Government's Response in Opposition (Dkt. 18). After careful consideration of the submissions of the parties, the underlying criminal case, and the applicable law, the Court concludes that the motion is due to be granted.

Sean O'Malley was sentenced as an armed career criminal to a fifteen-year minimum mandatory term of imprisonment to be followed by 60 months of supervised release for the offenses of possession of a firearm by a convicted felon.[1]   The three qualifying felonies for enhancement at the time of sentencing were two robberies and

---

[1]   See docket 32 in case number 8:06-cr-417-T-26TBM.

carrying a concealed firearm.[2]  After his initial motion to vacate was denied,[3] O'Malley

filed an application in the Eleventh Circuit Court of Appeals for leave to file a successive

motion to vacate, set aside, or correct sentence under 28 U.S.C. §§ 2255(b) and

2244(b)(3)(A), in view of the new rule of law announced in Johnson v. United States, 576

U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), which held that the residual clause of

the Armed Career Criminal Act (the ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) was

unconstitutionally vague, which holding was made retroactive on collateral review by

Welch v. United States, 578 U.S. ___, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016).  The

Eleventh Circuit found that O'Malley made a *prima facie* showing that he falls within the

scope of the new substantive rule announced in Johnson and granted the motion.[4]  In its

order, the panel determined that his "conviction for carrying a concealed firearm formerly

qualified under the residual clause [of the ACCA], but it is no longer a violent felony.

See United States v. Canty, 570 F.3d 1251, 1255 (11th Cir. 2009)."[5]

　　　O'Malley, through counsel, then filed his motion to vacate in this Court.  The

parties agree that the prior conviction for carrying a concealed firearm is no longer a

predicate offense under the ACCA for purposes of enhancing O'Malley's sentence.  The

---

[2]  See Presentence Report, paragraph 24.

[3]  See docket 3.

[4]  See docket 10.

[5]  See id., page 3.

Government contends, however, that O'Malley's prior conviction for accessory after the fact to attempted armed robbery listed in the indictment and noted in the Presentence Report at paragraph 31 qualifies as a violent felony under the elements clause of the ACCA, § 924(e)(2)(B)(i).  O'Malley counters by arguing that his conviction for accessory after the fact to attempted robbery is not such a qualifying offense.

The underlying offense for the accessory after the fact conviction pursuant to section 777.03(1)(a), Florida Statutes, was an attempted robbery.  Under this statute, an accessory after the fact is an individual who does the following:

> maintains or assists the principal or an accessory before the fact, or gives the offender any other aid, knowing that the offender had committed a crime and such crime was a third degree felony, or had been an accessory thereto before the fact with the intent that the offender avoids or escapes detention, arrest, trial, or punishment.

As interpreted by the Florida Supreme Court, the crime of accessory after the fact is "mutually exclusive" to the underlying crime.  Staten v. State, 519 S.2d 622, 625 (Fla. 1988).

After Welch, the "elements clause" of the ACCA remains valid.  Welch, 136 S.Ct. at 1265  A violent predicate offense under the elements clause is any prior felony conviction that has an element of "use, attempted use, or threatened use of physical force against the person of another . . . ."  § 924(e)(2)(B)(i); Welch, 136 S.Ct. at 1265.  A court may look only to the elements of proof, not the facts, of the underlying criminal offense

Case 8:13-cv-02402-RAL-TBM   Document 21   Filed 07/22/16   Page 4 of 8 PageID 287

for purposes of the ACCA.  See United States v. Archer, 531 F.3d 1347, 1350 (11th Cir.

2008) (citation omitted).

Applying the elements clause of § 924(e)(2)(B)(i) to O'Malley's accessory after

the fact to attempted robbery conviction, the elements are as follows: (1) an attempted

robbery committed by someone other than O'Malley; (2) after the attempted robbery,

O'Malley maintained, assisted, aided, or attempted to aid the person committing the

felony; (3) at the time, O'Malley knew that the person had committed the attempted

robbery; and (4) O'Malley acted with the intent that the person committing the attempted

robbery avoid or escape detection, arrest, trial, or punishment.  See Staten, 519 So.2d at

625; Florida Standard Jury Instructions-Criminal 3.5(c) at docket 12-2, Exhibit B.  At first

blush, these elements do not require proof of the "use, attempted use, or threatened use of

physical force against the person of another . . . ."

The Court has reviewed the authorities cited by the parties and engaged in its own

independent research.  O'Malley cites United States v. Garcon, 611 F. App'x 943 (11th

Cir. 2015) (unpublished) as evidence that the Government in the Southern District of

Florida has agreed that Florida's crime of accessory after the fact is not a qualifying

felony under the elements clause of the ACCA.[6]  Another federal district court analyzing

---

[6]  See docket 12-3, Exhibit C, Garcon's Sentencing Transcript.
        **Defense**:  Pursuant to 924(e), accessory after the fact, . . .
        Florida Statute 777.03 . . . .  There is no elements of which fit
        the definition of a violent felony because it is essentially after
        the crime has been committed.  Despite the fact that

a Louisiana statute has held that the crime of accessory after the fact to murder does not

constitute a qualifying felony under the ACCA.  See United States v. LeBlanc, 2010 WL

4628010, at *1 (W.D. La. 2010).    Lastly, O'Malley cites United States v. Innie, 7 F.3d

---

> manslaughter itself is a violent crime, this is happening after
> the fact.
> **Court**: Sure . . . , the legal issue is whether as a matter of law
> that would constitute an adequate predicate offense to Mr.
> Garcon to be classified as a career offender.
> .   .   .   .
> **Government**: The Government has no objections legally and
> factually.

(Docket 12-3, pages 1384-85).

> **Government**: [T]his objection is . . . well-founded and
> accessory after the fact may not be a violent crime.  Accessory
> after the fact statute basically criminalizes the conduct where
> a person assists somebody who has already committed a
> felony offense, . . . .  in contrast to aider and abettor or co-
> conspirator who actually assists in the underlying offense,  . . .
> it can't be said that the [Florida's] accessory after the fact is a
> violent crime or crime of violence. . . . all case law suggests
> that accessory after the fact is not a crime of violence under
> 924.

(Docket 12-3, pages 1398-1401).

> **Court**: And all of these cases [cited immediately preceding]
> hold that the crime of accessory after the fact, as [the
> Government] indicated earlier, . . . , requires proof [of the five
> elements]. . . . I suppose the classic example, not the only, but
> giving aid and comfort, hiding somebody that the police is
> trying to catch.  Certainly that is not a purposeful, aggressive,
> or violent crime as envisioned and required by the Supreme
> Court in its decision in Begay.  So the ruling of the Court
> would be that the crime of accessory after the fact to the crime
> of manslaughter is not a violent felony within the meaning of
> Title 18, Section 924(e)(1), so I would sustain the
> Defendant's objection to that.

(Docket 12-3, pages 1409-10).

840, 848-50 (9th Cir. 1993), which was cited to the district court in <u>Garcon</u>.  The Ninth Circuit in <u>Innie</u> held that accessory after the fact to murder for hire was not a crime of violence in the context of the Career Offender designations under the United States Sentencing Guidelines at the time Innie was sentenced in March 1992.

The Government contends, nevertheless, that O'Malley's conviction for accessory after the fact to attempted robbery in Florida satisfies the elements clause of the ACCA. It reasons that because attempted robbery under section 812.13, Florida Statutes, is a crime that has as an element the use, attempted use, or threatened use of physical force against the person of another, then accessory after the fact to attempted robbery necessarily contains that element also.  It cites <u>United States v. Lockley</u>, 632 F.3d 1238, 1245 (11th Cir. 2011) as support that committing attempted robbery under Florida law constitutes a crime of violence under § 4B1.2 of the United States Sentencing Guidelines. Although robbery and attempted robbery may be crimes of violence and qualifying felonies, this logic does not extend to designate accessory after the fact to attempted robbery as a qualifying felony.  The elements of accessory after the fact are completely different from attempted robbery.  None of its elements include the use, attempted use, or threatened use of physical force against the person of another.

The Court has found two additional cases that lend support for this conclusion.  In construing whether the crime of accessory after the fact to robbery constitutes a crime of violence under the guidelines, a federal district court has noted that "the accessory after

the fact to robbery conviction was not counted as a crime of violence as it does not qualify as such." United States v. Prysock, 2012 WL 5363394, at *6 (D. S.C. Oct. 30, 2012).  The Ninth Circuit continues to follow its holding in Innie that an accessory after the fact is not a crime of violence "even if the underlying crime was violent." United States v. Avila, 13 F.App'x 645, 646 (9th Cir. July 11, 2001) (unpublished).

In light of the foregoing analysis, the Court concludes that O'Malley no longer can be designated as an armed career criminal under the ACCA because he lacks the requisite three prior qualifying convictions.  Consequently, the maximum term of imprisonment he is now subjected to is ten years.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Vacate Sentence (Dkt. 12) is **GRANTED.**  The Clerk is directed to enter judgment for the Plaintiff and to close this case.  Additionally, the Court will conduct a status conference on **Friday, July 29, 2016, at 10:00 a.m.** in **Courtroom 15B**, at which time it will discuss with counsel for the parties whether, in light of the amount of time the Plaintiff has spent imprisoned, a resentencing hearing is necessary or whether a sentence of time served is appropriate.[7]  At the status conference, the Government shall be

---

[7]   The Court notes that the Plaintiff has been in continuos custody since October 23, 2006, and that if the Court's calculations are correct, without the armed career criminal designation, his total offense level is 21, his criminal history category is V, and his advisory range of imprisonment is 70- 87 months.

prepared to advise the Court of whether it intends to appeal this order and, if so, whether the Plaintiff should remain incarcerated during the pendency of the appeal.

      **DONE AND ORDERED** at Tampa, Florida, on July 22, 2016.


                      s/*Richard A. Lazzara*
                      **RICHARD A. LAZZARA**
                      **UNITED STATES DISTRICT JUDGE**


<u>**COPIES FURNISHED TO**</u>:
Counsel of Record